21st Century Pharm., Inc. v Integon Natl. Ins. Co. (2020 NY Slip Op
51364(U))

[*1]

21st Century Pharm., Inc. v Integon Natl. Ins. Co.

2020 NY Slip Op 51364(U) [69 Misc 3d 142(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2142 K C

21st Century Pharmacy, Inc., as Assignee of
Michael Monroe, Respondent,
against
Integon National Ins. Co., Appellant. 

Law Offices of Moira Doherty, P.C. (Maureen Knodel of counsel), for appellant.
Gary Tsirelman, P.C. (David M. Gottlieb and Selina Chin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered August 1, 2018. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff failed to appear for
duly scheduled examinations under oath (EUOs). In an order entered August 1, 2018, the Civil
Court denied the motion, but implicitly found, in effect pursuant to CPLR 3212 (g), that
defendant had established the timely and proper mailing of the EUO scheduling letters and the
denial of claim form, as well as plaintiff's failure to appear for the EUOs. The Civil Court further
found that the only remaining issue for trial was the reasonableness of defendant's EUO
requests.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the
ground that a provider failed to appear for an EUO, an insurer must demonstrate, as a matter of
law, that it twice duly demanded an EUO from the provider, that the provider twice failed to
appear, and that the insurer issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113
AD3d 596, 597 [2014])—all elements that the Civil Court found to have been
established pursuant to CPLR 3212 (g). 
Plaintiff does not argue that defendant did not demonstrate its prima facie case. Rather,
plaintiff argues that defendant's EUO requests were unreasonable. However, contrary to
plaintiff's contention, defendant was not required to set forth objective reasons for requesting
EUOs in order to establish its prima facie entitlement to summary judgment (see Interboro Ins. Co. v Clennon, 113
AD3d 596 [2014]; 21st Century
Pharm., Inc. v Ameriprise Ins. Co., 65 Misc 3d 134[A], 2019 NY Slip Op 51629[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Parisien v Metlife Auto & Home, 54 Misc 3d 143[A], 2017
NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). As plaintiff
failed to raise a triable issue of fact, defendant is entitled to summary judgment dismissing the
complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020